[Crim. No. 672. First Appellate District.—March 19, 1918.]

## THE PEOPLE, Respondent, v. WARREN M. WEBSTER, Appellant.

CRIMINAL LAW—RAPE—CAUTIONARY INSTRUCTION.—In a prosecution for rape, the refusal to give a cautionary instruction requested by defendant is not a sufficient ground for reversal of the judgment where the jury was instructed to consider the matter calmly, dispassionately, and deliberately as they would any other accusation, that they were to be very careful, and should carefully and gradually weigh, analyze, and consider the testimony against the defendant.

ID.—EVIDENCE—CHARACTER OF DEFENDANT—PREVIOUS SENTENCE FOR RAPE—IMPROPER CROSS-EXAMINATION.—In such a prosecution, the asking of one of defendant's character witnesses on cross-examination whether the witness knew that defendant had been sentenced to the penitentiary for rape was improper and unfair, where the judgment had been reversed.

ID.—PREVIOUS ACCUSATIONS OF RAPE—PROPER CROSS-EXAMINATION.—In such a prosecution, the asking of character witnesses of the defendant on cross-examination if they had ever heard that the defendant had been previously accused of rape was proper.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ARGUMENT TO JURY—REFERENCE TO STRICKEN OUT TESTIMONY.—In such a prosecution, it was misconduct for the district attorney in his argument to refer to a

previous conviction for rape, after the court had stricken out all reference thereto, and to state what he would have done had the prosecutrix been his own daughter, but such misconduct was not a sufficient ground for reversal where the record of guilt was clear and convincing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Thos. P. Wickes, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

ZOOK, Acting P. J., *pro tem.*—In this case, upon an information charging him with rape, the defendant was convicted of an attempt to commit rape. No useful purpose would be subserved by a recital of the facts upon which the defendant was convicted, but the evidence, which showed a prompt complaint by the little girl to her mother, an immediate medical examination, followed by the arrest of the defendant on the day of the offense, a straightforward story told by the prosecuting witness on the stand, and a rambling and incoherent tale on the part of the defendant, was amply sufficient to warrant the conviction.

Only two points are urged for reversal of the judgment, one being the refusal of the court to give a cautionary instruction requested by defendant and the other being misconduct on the part of the district attorney. While the instruction offered might well have been given, we are satisfied that the trial court fully covered the points involved therein when it instructed the jury to consider the matter "calmly, dispassionately, and deliberately," as they would any other accusation, and that they were "to be very careful in any such case," and should "carefully and guardedly weigh, analyze, and consider the testimony against the defendant."

On cross-examination of one of defendant's character witnesses, the assistant district attorney, Mr. McWood, asked the following question: "Do you know that on the twenty-eighth day of February, 1896, he [the defendant] was sentenced

to San Quentin for rape?'' As the trial judge stated at the time, the judgment referred to was reversed by the supreme court, and the question, in the form put, was manifestly improper and unfair. However, defendant's counsel did not assign the question as misconduct, but made a request that the jury be instructed to disregard it, which request was promptly granted. In the examination of subsequent character witnesses, the district attorney asked them if they had ever heard that the defendant had been accused of rape before. This was proper, as even untrue accusations have their bearing on a person's reputation.

Upon the argument, Mr. McWood, in flagrant disregard of the fact that the court had stricken out all reference to the previous judgment, deliberately referred thereto again, and also made some highly inflammatory statements as to what he himself would have done had his own daughter been treated as prosecutrix had been. There is, and can be, no excuse for this conduct on the part of the assistant district attorney, and in a case that was at all close such conduct would compel a reversal; but in this case the record of defendant's guilt is so clear and convincing that we are constrained to hold that the misconduct of the assistant district attorney has not resulted in a miscarriage of justice. It is to be noted that the trial judge endeavored to keep the assistant district attorney within bounds in every way, except by fining him for contempt, a procedure which may commend itself to trial courts in the future under similar circumstances.

The judgment is affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court May 17, 1918.